[Cite as *Stephens v. Akron*, 2018-Ohio-941.]

STATE OF OHIO        )                  IN THE COURT OF APPEALS
                        )ss:            NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

LEONARD STEPHENS, et al.             C.A. No.      28701

      Appellants

      v.                           APPEAL FROM JUDGMENT
                                 ENTERED IN THE
CITY OF AKRON, et al.             COURT OF COMMON PLEAS
                                 COUNTY OF SUMMIT, OHIO
      Appellees                CASE No.     CV-2017-03-1226

DECISION AND JOURNAL ENTRY

Dated: March 14, 2018

---

SCHAFER, Presiding Judge.

{¶1} Plaintiffs-Appellants, Leonard Stephens, Nathan Keith, and Joseph Horak appeal the judgment of the Summit County Court of Common Pleas granting summary judgment in favor of Defendants-Appellees, the City of Akron and the Akron Civil Service Commission ("the Commission"). For the reasons that follow, we affirm.

I.

{¶2} This matter arises from the attempt of three dissenting members of the Fraternal Order of Police Akron Lodge #7 ("FOP"), Stephens, Keith, and Horak (collectively "the union members"), to challenge the validity of a pending settlement agreement concerning an eligibility list for promotions being negotiated between the FOP and the City of Akron. The settlement agreement at issue sought to resolve a separate civil action filed by the FOP on behalf of its entire membership challenging the City of Akron's use of veteran and residency preference

points for promotion. *See Fraternal Order of Police Akron Lodge #7 v. City of Akron*, CV-2015-09-4380 ("FOP case").

{¶3} Rather than seeking to intervene in the FOP case prior to the trial court's adoption of the settlement agreement, two of the union members filed a separate verified complaint for temporary restraining order, preliminary injunction, and declaratory judgment and injunctive relief on March 27, 2017, as well as a motion for temporary restraining order. The complaint was then amended on March 30, 2017, to add the third union member. The brief accompanying the motion for temporary restraining order requested the trial court to enjoin the City of Akron and the Commission from revising the existing certified promotional eligibility list to eliminate veteran and residency preference points. However, after review, the trial court overruled the motion for temporary restraining order and set the matter for a preliminary injunction hearing.

{¶4} In the meantime, the settlement agreement in the FOP matter was approved by the trial court in that case and incorporated into a stipulated judgment entry filed April 12, 2017. Pursuant to the agreement, the FOP on behalf of itself and its members agreed to release all claims or demands of any kind, known or unknown, arising out of any matters that were the subject of the litigation, the revision of the eligibility list resulting from the settlement agreement, or the promotions made prior to the settlement agreement.

{¶5} On April 28, 2017, the City of Akron and the Commission filed, in the present matter, an answer, a brief in opposition to the motion for preliminary injunction, and a motion for judgment on the pleadings, or in the alternative, for summary judgment. The City of Akron's and the Commission's dispositive motions argued they were entitled to judgment because the union members' request for an injunction was barred by the collateral attack doctrine, the affirmative defense of release, and the doctrine of res judicata. The trial court held the union

members' motion for preliminary injunction in abeyance pending the resolution of the City of Akron's and the Commission's dispositive motions. The union members responded to the dispositive motions on May 15, 2017. On June 15, 2017, the trial court granted the City of Akron's and the Commission's joint motion for summary judgment.

{¶6} The union members filed this timely appeal, raising one assignment of error for our review.

II.

**Assignment of Error**

**The trial court erred by granting a summary denial of [the union members'] motion for a preliminary injunction by granting [the City of Akron and the Commission]'s motion for summary judgment[.]**

{¶7} In their sole assignment of error, the union members contend that the trial court erred by denying their motion for a preliminary injunction. Although the union members' merit brief primarily focuses on the denial of their motion for a preliminary injunction, the members also argue that the joint motion for summary judgment should have been denied. We disagree.

{¶8} As an adverse determination on the union members' summary judgment argument would render their arguments relating to the denial of their motion for preliminary injunction moot, we will consider their contentions relating to summary judgment first. *See Kimball v. Keystone Local Sch. Dist.*, 9th Dist. Lorain No. 03CA008220, 2003-Ohio-4787, ¶ 15, citing *Zimmerman v. Cty. of Summit, Ohio*, 9th Dist. Summit No. 17610, 1997 Ohio App. LEXIS 52 (Jan. 15, 1997) (concluding that since the appellee was entitled to summary judgment, the appellant's assignment of error alleging that the trial court erred by denying his motion for preliminary injunction was moot).

{¶9} Under Civ.R. 56(C), summary judgment is appropriate when:

(1)[no] genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The movant bears the initial burden of demonstrating the absence of genuine issues of material fact concerning the essential elements of the nonmoving party's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the moving party satisfies this burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 293, quoting Civ.R. 56(E). A review of a trial court's grant of summary judgment is considered de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Accordingly, we apply the same standard as the trial court, viewing the facts in the light most favorable to the non-moving party and resolving any doubt in the favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983); *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359 (1992).

{¶10} In this case, the City of Akron and the Commission moved for summary judgment with respect to the union members' request for an injunction to enjoin the City of Akron from implementing the final judgment and settlement agreement entered in the separate FOP matter. "In determining whether injunctive relief should be granted, a trial court generally examines four factors: whether (1) there is a substantial likelihood that plaintiff will prevail on the merits; (2) plaintiff will suffer irreparable injury if the injunction is not granted; (3) any third parties will be unjustifiably harmed if the injunction is granted; and (4) the public interest will be served by the injunction." *J.P. v. T.H.*, 9th Dist. Lorain No. 15CA010897, 2017-Ohio-233, ¶ 19, citing *Vanguard Transp. Sys., Inc. v. Edwards Transfer & Storage Co., Gen. Commodities Div.*, 109 Ohio App.3d 786, 790 (10th Dist.1996). "The party seeking preliminary injunction must

establish each of these elements by clear and convincing evidence." *Id.* In their motion for summary judgment, the City of Akron and the Commission argued that the union members could not establish a substantial likelihood of success on the merits because their action was barred by the collateral attack doctrine, the affirmative defense of release, and the doctrine of res judicata.

{¶11} In its judgment entry, the trial court granted summary judgment to the City of Akron on two separate legal theories. First, the trial court determined that based on the language of the settlement agreement, the union members released all claims against the City of Akron and the Commission and that the union members lacked standing to bring the action at issue. Alternatively, the trial court determined that the union members' challenge to the validity of the settlement agreement in the present action was barred by the doctrine of res judicata since the issues had been litigated and brought to a final decision on the merits by a court of competent jurisdiction.

{¶12} The union members' sole contention on appeal with regard to the trial court's grant of summary judgment is that the trial court erred because the settlement agreement adopted by a trial court in a separate proceeding was "contrary to law, contrary to it's prior rulings court [sic] and contrary to the rulings of [this Court]" and should have been barred by res judicata and collateral estoppel. However, a careful reading of the union members' merit brief shows that the union members omit any actual discussion of the trial court's rationale in granting summary judgment in the City of Akron and the Commission's favor. Even if this Court were to broadly construe the union members' argument above as a challenge to the trial court's determination that the union member's action was barred by the doctrine of res judicata, the union members' brief still excludes any discussion or argument on whether the union members did or did not release all claims against the City of Akron and the Commission as a result of the settlement

agreement. Thus, even assuming, without deciding, that the trial court did err by concluding the complaint was barred by res judicata, the union members have still failed to demonstrate that the trial court erred by granting summary judgment in favor of the City of Akron and the Commission since they have not addressed the trial court's alternative basis for doing so. *See Tabatabai v. Thompson*, 9th Dist. Medina No. 16CA0044-M, 2017-Ohio-361, ¶ 15. It is neither the province nor the duty of this Court to create an argument on an appellant's behalf. *See* App.R. 16(A)(7).

{¶13} Accordingly, the union members' assignment of error is overruled.

### III.

{¶14} The union members' sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

CARR, J.
TEODOSIO, J.
CONCUR.


APPEARANCES:

EDDIE SIPPLEN, Attorney at Law, for Appellant.

EVE V. BELFANCE, Director of Law, and MICHAEL DEFIGAUGH and BRIAN BREMER, Assistant Directors of Law, for Appellee.

ARETTA BERNARD, STEPHEN W. FUNK, and LEIGHANN K. FINK, Attorneys at Law, for Appellee.