[Cite as *Wick v. Lorain Manor, Inc.*, 2021-Ohio-635.]

STATE OF OHIO        )
              )ss:
COUNTY OF LORAIN    )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

BRUCE TYLER WICK, Executor of the
Estate of Josephine D. Wick

      Appellant

      v.

LORAIN MANOR, INC., et al.

      Appellees

C.A. No.      19CA011486

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    11CV172616

DECISION AND JOURNAL ENTRY

Dated: March 8, 2021

HENSAL, Presiding Judge.

{¶1} Bruce Wick, executor of the estate of Josephine Wick, appeals judgments of the Lorain County Court of Common Pleas that granted summary judgment to Lorain Manor, Inc., Lorain Manor Co., LTD, Debra O'Connor, Carlos Hendrix, Cher Parker, Beth Ann Wilson, Adult Comfort Care Services, Inc., Joan Cato, Zack Engel, Dan Engel, Ashley Arthur, Physicians Ambulance Service, Inc., Andrew Magruder, Adam Copfer, and Itri Eren on his wrongful death claim. For the following reasons, this Court affirms in part and reverses in part.

I.

{¶2} In the early morning hours of December 31, 2007, Ms. Wick suffered injuries at a skilled nursing facility. She was transported to a hospital but may have suffered more injuries during the transfer. She died on January 2, 2008. On January 4, 2010, the executor of Ms. Wick's estate, Mr. Wick, sued all the companies and individuals associated with her care and treatment

for negligence and wrongful death. The action was dismissed without prejudice on June 24, 2010, but was refiled by Mr. Wick on June 24, 2011.

{¶3} The Defendants moved to dismiss the action, arguing that Mr. Wick's claims were untimely under the applicable statute of limitations and unsupported by required affidavits of merit. The trial court granted the motions, but this Court reversed, concluding that whether Mr. Wick's action was barred could not be conclusively determined from the materials that may be considered under Civil Rule 12(B).

{¶4} On remand, the Defendants moved for summary judgment on Mr. Wick's claims, arguing again that his claims were barred by the statute of limitations and that he had failed to submit affidavits of merit. Upon review, the trial court granted their motions. Mr. Wick has appealed, assigning five errors.

## II.

THE TRIAL COURT ERRED IN FAILING TO STAY PROCEEDINGS, IN DEFERENCE TO A PENDING PR[O]CEDENDO ACTION BROUGHT AGAINST THE TRIAL COURT, COUPLED WITH PLAINTIFF-APPELLANT'S MOTION TO STAY PROCEEDINGS.

{¶5} In his first assignment of error, Mr. Wick argues that the trial court should have stayed consideration of the Defendants' motions for summary judgment because he had filed for a writ of procedendo in this Court. He notes that he filed his motion to stay by fax on the evening of February 19, 2019. The trial court entered summary judgment for the Defendants on the morning of February 20, 2019. It then entered another journal entry later that same day explaining that it had been unaware of the motion to stay at the time it entered its judgments. Because the case was closed, however, the court wrote that it could not act on the motion.

{¶6} According to Mr. Wick, the journal entry addressing his motion to stay does not make sense because it comes before the journal entries granting summary judgment on the docket.

Mr. Wick is correct that the journal entry addressing the motion to stay is docket number 136 while the docket numbers of the entries granting summary judgment to the defendants are 137, 138, 139, 140, and 141. An examination of the time stamps on those documents, however, reveals that the entries granting summary judgment were filed at either 8:10 a.m. or 8:11 a.m. but the journal entry on the motion to stay was filed at 12:45 p.m. The journal entry addressing the motion to stay, therefore, accurately states that the court had already entered summary judgment for the defendants.

{¶7} Mr. Wick does not cite any authority regarding whether a court can act in a case even though an action for a writ of procedendo has been brought against it. Upon review of the record, we note that Mr. Wick's motion to stay provided almost no information about the requested writ and did not attach copies of any of the documents that had been filed in the other action. We conclude that Mr. Wick has failed to establish that the trial court erred when it ruled on the motions for summary judgment even though he had filed a motion to stay and for a writ of procedendo. Mr. Wick's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

> THE TRIAL COURT ERRED BY FAILING TO TAKE JUDICIAL NOTICE OF CERTAIN ADJUDICATIVE FACTS, AS REQUIRED BY EVIDENCE RULE 201.

{¶8} In his second assignment of error, Mr. Wick argues that the trial court incorrectly failed to take judicial notice that the Clerk of Courts' office was closed on December 31, 2009, that Physicians Ambulance Service, Inc. is a corporation that can only act through human agents, and that a complaint he filed in 2009 in Cuyahoga County was not a wrongful death action or did not include a wrongful death claim. Ohio Evidence Rule 201(B) provides that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known

within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." A court "may take judicial notice, whether requested or not" but "shall take judicial notice if requested by a party and supplied with the necessary information." Evid.R. 201(C); Evid.R. 201(D).

{¶9} Although Mr. Wick filed a written request for the trial court to take notice that the clerk's office was closed on December 31, 2009, and that Physicians Ambulance Service, Inc. is a corporation that can act through human agents only, he did not provide any information in support of his request. Accordingly, it was at the discretion of the trial court whether to take judicial notice of those alleged facts. Whether the clerk's office was open or closed on December 31, 2009, however, was critical to establishing whether Mr. Wick's wrongful death claim was timely.

{¶10} Mr. Wick alleged that the injuries that precipitated Ms. Wick's death occurred between December 31, 2007, and January 2, 2008. The statute of limitations for wrongful death is two years. R.C. 2125.02(D)(1). The trial court, therefore, noted that the statute of limitations on Mr. Wick's claims was sometime between December 31, 2009, and January 3, 2010. Regarding the computation of time, Revised Code Section 1.14 provides that "[t]he time within which an act is required by law to be done shall be computed by excluding the first and including the last day; except that, when the last day falls on Sunday or a legal holiday, the act may be done on the next succeeding day that is not Sunday or a legal holiday." It also provides that, if "a public office in which an act, required by law, is to be performed is closed to the public for the entire day that constitutes the last day for doing the act or before its usual closing time on that day, the act may be performed on the next succeeding day that is not a Sunday or a legal holiday as defined in this section." *Id.*

{¶11} Mr. Wick filed his complaint on January 4, 2010. He asserted that he could not have filed it on Thursday, December 31, 2009, because the clerk's office was closed that entire day. This Court takes judicial notice of the closure. Evid.R. 201(B), (F). Mr. Wick could not file his complaint on Friday, January 1, 2010, because it was a legal holiday and the office was closed again. He also could not file his complaint on Saturday, January 2, 2010, or Sunday, January 3, 2010, because the clerk's office was closed for the weekend. Consequently, the complaint he filed on January 4, 2010, was timely under the two-year statute of limitations for wrongful death claims. Mr. Wick dismissed his case in June 2010 and refiled it exactly one year later in accordance with the savings statute. R.C. 2305.19(A).

{¶12} Because the fact that the clerk's office was closed on December 31, 2009, was crucial to the issue of whether Mr. Wick's claims were timely and because the fact was capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, we conclude that the trial court exercised improper discretion when it failed to take judicial notice of the closure. Mr. Wick's second assignment of error is sustained.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN NOT ORDERING DISCOVERY-EITHER PER PLAINTIFF-APPELLANT'S "MOTION TO CONSIDER DISCOVERY ISSUES BEFORE DISPOSITIVE MOTIONS"; OR BY DENYING DEFENDANTS' MOTION TO STAY DISCOVERY, AND THEN DIRECTING THE DISCOVERY OBJECTED TO, TO PROCEED.

{¶13} In his third assignment of error, Mr. Wick argues that the trial court incorrectly failed to address Adult Comfort Care's motion to stay discovery or his motion to consider discovery before ruling on the dispositive motions. He notes that, after granting summary judgment to the Defendants, the trial court entered a separate order denying the motions as moot.

{¶14}  The trial court granted the motions for summary judgment on the basis that Mr. Wick's claims were untimely under the applicable statutes of limitations and because he had not filed affidavits of merit as to some of his medical claims.  Because those determinations were dispositive of Mr. Wick's claims, it rendered any discovery issues moot.  We, therefore, conclude that the trial court did not err when it overruled Mr. Wick's motion to consider discovery issues, however, we note that the issues may become relevant again on remand.  Mr. Wick's third assignment of error is overruled.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED IN HOLDING THAT PHYSICIANS AMBULANCE SERVICE CANNOT BE HELD LIABLE, WITHOUT AN AFFIDAVIT OF MERIT AGAINST ITS EMTS, MAGRUDER AND COPFER.

{¶15}  In his fourth assignment of error, Mr. Wick argues that the trial court incorrectly concluded that Physicians Ambulance Service should be granted summary judgment on his claims because he had not filed an affidavit of merit that complied with Rule 10(D)(2)(a) with respect to the conduct of its employees. According to the trial court, because the affidavit of merit filed by Mr. Wick did not find any breach of the standard of care by the emergency medical technicians who work for Physicians Ambulance Service, the company could not be held vicariously liable.

{¶16}  Mr. Wick argues that the trial court's decision misread this Court's previous decision in this action.  In the first appeal, this Court held that because Physicians Ambulance Service is not an entity within the "medical claim" definition, any claims against it did not require an affidavit of merit.  *Wick v. Lorain Manor Inc.*, 9th Dist. Lorain No. 12CA010324 2014-Ohio-4329, ¶ 20 (interpreting R.C. 2305.113(E)(3)).  According to Mr. Wick, that holding means that his claims against Physicians Ambulance Service are not dependent on him submitting a valid affidavit of merit as to the EMTs who worked for it.

{¶17} In his complaint, Mr. Wick alleged that Physicians Ambulance Service was negligent in transporting Mrs. Wick to the hospital. In the earlier appeal, this Court only determined that, because Physicians Ambulance Service is not one of the type of entities or individuals listed in Section 2305.113(E)(3), any claims against it are not "medical claim[s]" under Rule 10(D)(2)(a). *Id.* A claim of negligence against an employer, however, may be pursued on the basis that the employer is vicariously liable for the negligent acts of its employees or on the basis that the employer committed its own tort, such as if it was negligent in hiring or supervising an employee. *Akron Gen. Med. Ctr. v. Evans*, 9th Dist. Summit No. 28340, 2018-Ohio-3031, ¶ 32. In opposing Physicians Ambulance Service's motion for summary judgment, Mr. Wick did not identify any tortious conduct that was committed by the company itself as opposed to through its employees. Consequently, because the only basis of liability alleged against Physicians Ambulance Service was through the allegedly negligent acts of its employees, and there was no affidavit of merit to support a claim against the employees, the trial court correctly determined that the claims against Physicians Ambulance Service's employees must also fail. We, therefore, conclude that the trial court did not err when it determined that Physicians Ambulance Service could not be held liable without an affidavit of merit against its employees. Mr. Wick's fourth assignment of error is overruled.

ASSIGNMENT OF ERROR V

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE DEFENDANTS.

{¶18} In his fifth assignment of error, Mr. Wick argues that the trial court incorrectly granted Defendants' motions for summary judgment. Under Rule 56(C), summary judgment is appropriate if:

> (1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the movant bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 293, quoting Civ.R. 56(E). This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶19} Mr. Wick argues that he identified more than 17 genuine issues of material fact that remained unresolved at the time that the trial court granted summary judgment to the Defendants. It appears that Mr. Wick is referring to issues of fact that bear on the merits of his claims, however, and not whether the Defendants were entitled to summary judgment because his claims were either barred by the applicable statute of limitations or because he failed to provide an affidavit of merit.

{¶20} Any issues of fact concerning the merits of Mr. Wick's claims were not material with respect to whether his action was timely. Accordingly, the trial court did not err in granting summary judgment even though those issues may have been unresolved. Considering this Court's resolution of Mr. Wick's second assignment of error, however, we conclude that the trial court did err when it granted summary judgment as to most of the Defendants. As discussed earlier, although the statute of limitations on Mr. Wick's wrongful death action may have expired between December 31, 2009, and January 2, 2010, because the clerk's office was closed those days, Mr.

Wick had until January 4, 2010, to file his complaint, which is the date he filed it. He later dismissed that action but refiled his complaint within a year in accordance with the savings statute.

{¶21} Regarding Mr. Wick's claims against Physicians Ambulance Service, Mr. Magruder, and Mr. Copfer, we note that the trial court did not grant them summary judgment only on statute of limitations grounds. The trial court also concluded that they were entitled to summary judgment because Mr. Wick did not obtain an affidavit of merit under Rule 10(D)(2). Mr. Wick has not challenged the trial court's determination that he did not provide an affidavit of merit with respect to Mr. Magruder and Mr. Copfer and this Court has already determined that Mr. Wick's vicarious liability claim against Physicians Ambulance Service was also dependent on affidavits of merit. Accordingly, the award of summary judgment must be upheld as to those three defendants. *See Stephens v. City of Akron*, 9th Dist. Summit No. 28701, 2018-Ohio-941, ¶ 12. We sustain Mr. Wick's fifth assignment of error as to every defendant except Mr. Magruder, Mr. Copfer, and Physicians Ambulance Service.

III.

{¶22} Mr. Wick's second assignment of error is sustained. His fifth assignment is sustained as to every defendant except Mr. Magruder, Mr. Copfer, and Physicians Ambulance Service. His first, third, and fourth assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is reversed as to every defendant except Mr. Magruder, Mr. Copfer, and Physicians Ambulance Service, and this matter is remanded for further proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to all parties.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

BRUCE TYLER WICK, pro se, Appellant.

MICHEL P. MURPHY and JUSTIN D. HARRIS, Attorneys at Law, for Appellees.

LESLIE M. JENNY and JASON P. FERRANTE, Attorneys at Law, for Appellees.

BRANT E. POLING, Attorney at Law, for Appellee.

JONATHAN W. PHILLIP, Attorney at Law, for Appellees.